Filed 4/15/22  P. v. Fires CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>JOSHUA ANDERSON FIRES,<br><br>        Defendant and Appellant. | A163565<br><br>(Sonoma County<br>Super. Ct. Nos. SCR-743686-1,<br>SCR-745153-1) |

Defendant Joshua Fires appeals from sentences entered on pleas of no contest in two cases.  His counsel asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Fires was informed of his right to file a supplemental brief and did not do so.  We were nonetheless concerned that some of the probation conditions imposed in one of the cases were arguably unconstitutionally vague or overbroad, and we asked for briefing on the issue.

In that briefing, Fires challenges probation conditions ordering him to stay away from the victims and their residence (stay-away condition), to not possess weapons (weapons condition), and to not use marijuana even with a Proposition 215 card (Proposition 215 condition).  The Attorney General concedes that the first two conditions must be modified and the last condition must be stricken.  We agree with the parties' proposed disposition.  We

1

therefore modify the stay-away condition to require Fires to stay 100 yards away from the victims and their residence, modify the weapons condition to prohibit Fires from possessing deadly or dangerous weapons, and strike the Proposition 215 condition because it conflicts with another marijuana-related condition imposed, and we affirm the judgment as modified. As to the other underlying case, we conclude we lack jurisdiction because only misdemeanors were charged, and we therefore transfer that matter to the appellate division of the superior court. (Gov. Code, § 68915.)

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In January 2021, Fires threatened to stab two strangers, a woman and her elderly father, and pulled out a knife.[1] He was arrested and taken to jail. Later that month, Fires was charged in case no. SCR-743686-1 (the felony case) with two counts of criminal threats and one count of elder abuse, all felonies, and a misdemeanor count of exhibiting a deadly weapon.[2] In March, after being released from jail, he was charged in case no. SCR-745153-1 (the misdemeanor case) with two misdemeanor counts committed earlier that month, prowling and willfully tampering with the contents of a vehicle.[3]

Under a plea agreement, Fires pleaded no contest to elder abuse in the felony case and no contest to prowling in the misdemeanor case in exchange

---

[1] These facts are drawn from the probation report.

[2] The charges were brought under Penal Code sections 422, subdivision (a) (criminal threats), 368, subdivision (b)(1) (elder abuse), and 417, subdivision (a)(1) (exhibiting weapon). All further statutory references are to the Penal Code unless otherwise noted.

[3] The prowling charge was brought under section 647, subdivision (h), and the tampering charge was brought under Vehicle Code section 10852. Our record does not include any information about the underlying facts beyond that in the complaint.

for dismissal of the remaining charges in those cases. Two other cases against him were also dismissed.

On July 20, 2021, the trial court suspended imposition of the sentence in the felony case and placed Fires on two years of formal probation on the condition that he serve 352 days in jail, which he had already completed. At the same hearing, the court denied probation in the misdemeanor case, and he was given 10 days credit for time served. Fires then filed notices of appeal from the July 20 orders in both the felony and misdemeanor cases.

## II.
## DISCUSSION

Fires claims that the challenged conditions are unconstitutionally vague and/or overbroad. The vagueness doctrine is based on "the due process concept of 'fair warning' " and requires a probation condition to be " 'sufficiently precise for the probationer to know what is required . . . , and for the court to determine whether the condition has been violated.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) The overbreadth doctrine requires that a probation condition "impos[ing] limitations on a person's constitutional rights . . . closely tailor those limitations to the purpose of the condition." (*Ibid.*) Although Fires did not object to the challenged conditions below, the parties agree that he did not thereby forfeit his claims because they present " ' "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*Id.* at p. 884.)

The stay-away condition requires Fires to "stay away from [the victims]" and their address. Fires contends that the condition is vague because "it does not notify him of how far away from the victims and their residence he must stay to avoid violating [it]." He claims that the condition is also overbroad because it infringes on his constitutional right to travel and is not narrowly tailored. The Attorney General responds that to avoid these

3

potential "constitutional infirmities," we may modify the condition to specify that Fires stay 100 yards away from the victims and their residence, and Fires does not object to this distance. Accordingly, we modify the condition as the Attorney General proposes.

Next, the weapons condition provides that Fires "may not apply for, possess or have in [his] custody or control any firearms, weapons[,] or ammunition." He claims that the term "weapons" is vague and overbroad because it could include "an ordinary pocket knife, kitchen knife, or baseball bat" and should be modified to "deadly or dangerous weapons." The Attorney General agrees that the proposed phrase "pass[es] constitutional muster." Therefore, we modify the condition to specify that "deadly or dangerous weapons" are prohibited.

Finally, the Proposition 215 condition, which appears in the sentencing minute order but was not orally pronounced, states, "No marijuana use even with a valid 215 card." Fires claims, and the Attorney General agrees, that this condition must be stricken because it conflicts with another condition the trial court imposed, that Fires "not use or possess drugs or drug paraphernalia unless he has a valid prescription. No marijuana unless he has his treating physician's recommendation." We thus order the Proposition 215 condition stricken.

### III.
#### DISPOSITION

In case no. SCR-743686-1, the stay-away condition is modified to require Fires to "stay 100 yards away from" the victims and their address, and the weapons condition is modified to prohibit Fires from possessing "any firearms, deadly or dangerous weapons, or ammunition." In addition, the Proposition 215 condition is stricken. As so modified, the judgment is

4

affirmed.  The appeal in case no. SCR-745153-1 is transferred to the appellate division of the Sonoma County Superior Court.

_____

Humes, P.J.

WE CONCUR:


_____

Banke, J.



_____

East, J. *



*Judge of the Superior Court of the City and County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*People v. Fires*  A163565